## No. 357
## NATIONAL FIRE INSURANCE CO. v. FREES
Ohio Court of Appeals, Lucas County
No. 1306

This opinion has not been published except in Abstract.

INSURANCE POLICY—(1) Agency of third party must be clearly established to substantiate a claim of modification of.

KINKADE J.

Kinkade, Chittendon and Richards, JJ.

Epitomized Opinion

Error to Lucas Common Pleas

Frees brought action to recover damages arising by reason of the theft of an automobile covered by a policy issued by the Insurance Company. The policy contained a provision that a verified proof of the loss must be filed within sixty days after the time of the loss. Frees claimed that the Western Adjustment Co. was the authorized agent of the Insurance Company and that the representative of the Adjustment Company informed her that it would be unnecessary to present the verified statement of loss. The Insurance Company denied that the Adjustment Company had the power to so modify the policy and also claimed that Frees' claim was fraudulent in that the machine was not actually stolen. Held by Court of Appeals in reversing the judgment:

1. One who claims that a contract has been modified carries the burden of proof. There must, however, be better proof of agency than a mere belief by the third party that the supposed agent had actual authority to act, if the third party seeks to show a modification of a contract such as an insurance policy. This holding is not in conflict with Insurance Company v. Cochran, 104 OS. 427.

Attorneys—Marshall & Frazer, for Insurance Co.; Hackett & Lynch, for Frees.

---

## No. 358
## KATZ v. RICH
Ohio Court of Appeals, Cuyahoga County
No. 4337. April 16, 1923

This opinion has not been published except in Abstract.

PROMISSORY NOTE—(1) Holder of negotiable promissory note may sue without endorsement—(2) Verdict manifestly against weight of evidence.

Vickery, Cullivan and Levine, JJ.

PER CURIAM.

Epitomized Opinion

Error to Cleveland Municipal Court

Judgment Reversed

This was an action by Rich on a note signed by Katz and others. The note was not endorsed to Rich, but he claimed to be the owner of it and so brought suit. The defendant claimed that Rich was not the owner of the note and that the note was without consideration. Rich undertook to show that the consideration was the payment of a former note of $700 but the defendants produced a check which was given in payment of this sum. Moreover, Rich was unable to show any other consideration for the note or explain the circumstances under which he procured possession of the note. Judge Terrell, in the Municipal Court of Cleveland, rendered judgment for the plaintiff for $857.25. The defendant prosecuted error. In reversing the judgment of the lower court the Court of Appeals held:

1. One who owns and holds a note payable to the order of another, though not endorsed, may maintain a suit upon said note.

2. Under the facts of this case the judgment is manifestly against the weight of the evidence.

Attorneys—L. M. Rich, for Rich; H. J. Katz, for Katz.

---

## No. 359
## REPUBLIC BRASS CO. v. GASKILL
Ohio Court of Appeals, Cuyahoga County
No. 4268. March 26, 1923

This opinion has not been published except in Abstract.

CONTRACT—(1) Wrongful discharge of plaintiff constitutes a breach—(2) Measure of damages.

Vickery, Sullivan and Levine, JJ.

PER CURIAM.

Epitomized Opinion

Error to Cleveland Municipal Court

Judgment Modified

Harry Gaskill brought suit against the Republic Brass Co. for breach of a contract claiming that he had a contract with said defendant to work as long as his services were satisfactory. He claimed that he was wrongfully discharged by the defendant. Some evidence was introduced showing that either party might terminate the contract by giving 30 days' notice. The defendant, however, gave no notice to plaintiff. The case was tried before Judge Stevens of the Municipal Court and the jury returned a verdict for $1200. The defendant prosecuted error. In modifying the judgment of the lower court, the Court of Appeals held:

1. As the defendant failed to give the 30-day notice, there was a breach of contract.

2. The amount of recovery in this case is the amount that plaintiff would have earned if he had been allowed to work during the 30 days after which he had received notice that the contract of employment was terminated, which amount would be about $265 instead of $1200.

Attorneys—Grossman & Grossman, for Republic Co.; White, Cannon & Spieth, for Gaskill.

---

## No. 360
## LOVETT v. WEIDIG
Ohio Court of Appeals, Cuyahoga County
No. 4213. March 26, 1923

This opinion has not been published except in Abstract.

DEDICATION—Verdict against weight of evidence clearly shows a dedication by user.

VICKERY, P. J.

Epitomized Opinion

Error to Cuyahoga Common Pleas

Judgment Reversed

Lovett brought suit to enjoin Weidig from closing up a certain alley in Lakewood known as Kenilworth road. This alley ran from Arlington road to Sloane avenue and was used as a means of ingress and egress from the land now enclosed in the West-Haven allotment. The defendant claimed that the blue prints of the city of Lakewood showed that the alley had not been dedicated to public use. The plaintiff, however, introduced evidence showing that this alley had been used by the public for at least 28 years. Judge Hay of the Common Pleas Court of Cuyahoga county rendered judgment for the defendant, and dismissed the petition. Plaintiff prosecuted error. The Court of Appeals, in reversing the judgment of Judge Hay, held:

1. As the evidence conclusively shows that the alley in question had been dedicated by public user for many years, the judgment of the lower court is manifestly against the weight of evidence and contrary to law.

Attorneys—Guthery, Guthery, Binyon & Williams, for Lovett; Smith, Olds & Smith, for Weidig.